# In the United States Court of Federal Claims

| | |
|---|---|
| RONALD L. GATEWOOD,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-cv-280<br>Filed: August 17, 2026 |

## MEMORANDUM AND ORDER

Plaintiff Ronald L. Gatewood, proceeding *pro se*, brings claims seeking federal workers' compensation and federal retirement benefits. To the extent Plaintiff's Complaint may be discerned, he appears to allege that he is entitled to federal benefits related to an alleged disability claim and, additionally, to federal retirement benefits. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6). For the reasons set forth below, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction, and also under Rule 12(b)(6) for failure to state a claim. Accordingly, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

## FACTUAL BACKGROUND

Plaintiff's Complaint does not include facts establishing a claim but instead lists a series of terms including "for fed workers comp" and "fed ret disability for fed claims in this court." ECF No. 1 (Complaint or Compl.) at 1. Additionally, Plaintiff lists various federal programs in his Complaint, including Medicare, Tricare, "FEHB" (presumably, Federal Employees Health

Benefits), and "OWCP" (Office of Workers' Compensation Program). Compl. at 1. Plaintiff also lists "Medicare-MSA," which appears to reference a Medicare Medical Savings Account. Compl. at 2; *see also* ECF No. 7 (Motion to Dismiss or Motion) at 1. Plaintiff also identifies himself as "Ronald Gatewood United Lead Organizer Google by Computer 2013 to 2019." Compl. at 1. In addition to the Complaint, Plaintiff filed a separate exhibit which consists of a series of handwritten pages and additional documents. ECF No. 1-1 (Exhibit). This Exhibit contains statements purporting, among other things, that Plaintiff is a "fed ret employee, with cancer also nose throat lungs and should be dead." Exhibit at 5. Plaintiff also includes statements that purport to describe his government service such as "time traveler – mutant research," "deaf-blind-FBI diver and explosive team!," and "defence against phenomenal evil[.]" Exhibit at 5. Additionally, Plaintiff acknowledges in his Exhibit that he previously brought claims before the Merit Systems Protection Board (MSPB), but that his claim there has been "closed out after order for settlement." Exhibit at 2.

Finally, Plaintiff provides a collection of materials in his Exhibit related to his prior actions in other forums. These include: 1) documents from the Department of Labor denying Plaintiff's claim under the Federal Employees' Compensation Act (FECA) as untimely for an injury that appears to have occurred on May 14, 1993 (Exhibit at 14–17); 2) documents from the Office of Personnel Management (OPM) denying Plaintiff's application for a deferred annuity under the Civil Service Retirement System (CSRS) for his service in the National Guard from September 27, 1977 to August 22, 1992 (Exhibit at 24–29); 3) documents related to an apparent appeal of the OPM denial to the MSPB (Exhibit at 18–23); and 4) a 2007 order from the United States Court of Appeals for the Federal Circuit (Federal Circuit) dismissing as untimely Plaintiff's appeal from a decision of the Court of Appeals for Veterans Claims (Exhibit at 57–59).

## PROCEDURAL HISTORY

Plaintiff filed his Complaint in this action on February 18, 2026 along with a Motion to Proceed in forma pauperis, which this Court granted on February 25, 2026. Complaint; ECF Nos. 2, 5. On March 13, 2026, Defendant moved to dismiss Plaintiff's Complaint. Motion. Plaintiff's original deadline to respond to Defendant's Motion was April 13, 2026. *See* Rule 7.2(b)(1) (response to Rule 12(b) motion "must be filed within 28 days after service of the motion"). On May 27, 2026, this Court ordered Plaintiff to show cause explaining why his claim should not be dismissed for failure to prosecute, as he had failed to timely file a response. ECF No. 8. On June 22, 2026, Plaintiff's Response to the Motion to Dismiss was filed by leave of the Court, after the Clerk of Court had marked the document as deficient. ECF No. 9 (Order Granting Leave to File); ECF No. 10 (Response). Defendant did not file a Reply in support of its Motion.

## APPLICABLE LEGAL STANDARDS

This Court is one of limited jurisdiction and is not a forum for all federal claims. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction."). The Tucker Act vests this Court with jurisdiction over claims against the United States for monetary damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act does not create any enforceable right against the United States on its own, nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke jurisdiction under the Tucker Act, a plaintiff must "identify

a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

"[T]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see* Rule 12(h)(3) ("If the [Court of Federal Claims] determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012). When determining jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, this Court must "accept as true the complaint's well-pled factual allegations" but need not "accept the asserted legal conclusions." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). Dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) (interpreting the predecessor to Rule 12(b)(6)). The Court "must consider the complaint in its entirety" as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

This Court liberally construes filings submitted by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* plaintiffs are held to a less stringent standard for procedural

deficiencies; however, *pro se* plaintiffs must still prove by a preponderance of the evidence that the Court has subject matter jurisdiction. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). Additionally, while this Court may permit ambiguities in *pro se* filings, it "does not excuse . . . failures" in stating a claim. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

This Court lacks jurisdiction over even the most liberal construction of Plaintiff's claims and accordingly must dismiss Plaintiff's Complaint. Moreover, even if this Court did have jurisdiction, Plaintiff's Complaint must still be dismissed for failure to state a claim upon which relief can be granted.

### I. This Court Lacks Jurisdiction Over Plaintiff's Complaint.

Defendant argues that Plaintiff has failed to identify any substantive, money-mandating source of law in his Complaint that would demonstrate that this Court has jurisdiction, and that therefore whatever claims Plaintiff is attempting to bring must be dismissed for lack of jurisdiction. Mot. at 4 (citing *Bennett v. United States*, No. 18-454, 2018 WL 4520090, at *5 (Fed. Cl. Sep. 21, 2018)). Plaintiff does not respond to this argument. *See* Resp. The Court agrees with Defendant.

"It is Plaintiff's burden to identify a separate source of substantive law that creates the right to money damages, such as a money-mandating constitutional, statutory, or regulatory provision, for jurisdiction to vest in the Court." *Bieganowski v. United States*, No. 26-165, 2026 WL 2225221, at *5 (Fed. Cl. July 14, 2026) (internal quotation marks omitted) (quoting *Doiban v. United States*, 173 Fed. Cl. 527, 537 (2024)); *Fisher*, 402 F.3d at 1172. To meet this burden, a plaintiff "must

demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Mitchell*, 463 U.S. at 216–17 (quoting *Testan*, 424 U.S. at 400).

Plaintiff has failed to meet this burden. As explained below, Plaintiff lists by name various federal programs in his Complaint and Exhibit but does not identify any source of law which would entitle him to any recovery, nor can the Court discern one. *See* Compl.; Exhibit. Accordingly, this Court lacks jurisdiction over Plaintiff's Complaint.

**A. This Court Lacks Jurisdiction Over Claims Made Pursuant to FECA.**

To the extent that Plaintiff is attempting to assert a claim related to Department of Labor's denial of his claim for compensation under the Federal Employees' Compensation Act 5 U.S.C.§§ 8103, 8105 (FECA), this Court lacks jurisdiction over such a claim. Attachment at 14–17; *Garner v. United States*, 25-1398, 2025 WL 3527042, at *2 (Fed. Cir. Dec. 9, 2025). Congress vested in the Secretary of Labor authority to "decide all questions" related to FECA. 5 U.S.C. § 8145; *Garner*, 2025 WL 327042, at *2. Moreover, Congress has precluded judicial review of decisions made by the Secretary. *Garner*, 2025 WL 3527042, at *2; *see also* 5 U.S.C. § 8128(b). "The Supreme Court has enforced this strict bar to judicial review of the Secretary's decisions under FECA." *Taylor ex rel. Estate of Keane v. United States*, 92 Fed. Cl. 36, 39 (2010) (citing *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991)); *see also Pueschel v. United States*, 297 F.3d 1371, 1377 (Fed. Cir. 2002).[1] Accordingly, this Court lacks jurisdiction over any claim Plaintiff purports to make pursuant to FECA.

[1] As this Court has recognized, discrete exceptions to this general prohibition on judicial review of decisions made pursuant to FECA exist, however, Plaintiff has not claimed that his Complaint is entitled to review under any of these exceptions. *See* Compl; *Gallo v. United States*, 76 Fed. Cl. 593, 608–09 (2007) ("A handful of judicial decisions have noted other unique claims which are

**B. This Court Lacks Jurisdiction Over Claims to Federal Retirement Benefits.**

To the extent that Plaintiff is attempting to assert a claim related to federal retirement benefits under either the Civil Service Retirement System (CSRS) or the Federal Employee Retirement System (FERS), this Court lacks jurisdiction over such a claim. Compl. at 1 ("For fed workers comp. then fed ret disability."); *see also* Exhibit at 18–29. This Court lacks jurisdiction over CSRS- and FERS-related claims, as adjudication of these claims falls under the exclusive purview of OPM. *Cummins v. United States*, 171 Fed. Cl. 527, 535 (2024) ("OPM has statutory authority to adjudicate in the first instance all claims arising under the statutory provisions establishing the CSRS and FERS." (citing 5 U.S.C. §§ 8347(b), 8461(c), and *Adams v. Dep't of Def.*, 688 F.3d 1330, 1335 (Fed. Cir. 2012))) *aff'd,* No. 24-2166, slip op. at 14 (Fed. Cir. Aug. 14, 2026); *Ferreiro v. United States*, 72 Fed. Cl. 1, 4 (2006) ("Plaintiffs must follow the exclusive procedures provided for in the [Civil Service Reform Act] in order to obtain the relief they seek."). It is therefore "well-established" that the Court of Federal Claims lacks jurisdiction over CSRS- and FERS-related claims. *Cummins*, 171 Fed. Cl. at 535.

Claimants may appeal OPM "administrative actions or orders to the MSPB." *Id.* at 535; *see also* 5 U.S.C. § 8347(d)(1) ("[A]n administrative action or order affecting the rights or interests of an individual or of the United States under [the CSRS] may be appealed to the [MSPB] under procedures prescribed by the Board."); 5 U.S.C. § 8461(e)(1) ("[A]n administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter [regarding the FERS] administered by the Office may be appealed to the [MSPB] under procedures prescribed by the Board."). To the extent that Plaintiff is seeking review of any decision

---

unaffected by § 8128(b)."); *Taylor*, 92 Fed. Cl. at 39 ("[S]ome jurisdictions have recognized two exceptions to the bar of judicial review.").

of the MSPB, this Court also lacks jurisdiction over such a claim, since MSPB decisions are appealable only to the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A); *Cummins*, slip. op. at 14 ("Final decisions of the MSPB are only appealable to this court."); *Hawn v. United States*, No. 13-651, 2014 WL 1814380, at *3 (Fed. Cl. May 7, 2014) ("[T]o the extent that plaintiff is appealing the MSPB's denial on the merits of her . . . claim . . . we clearly lack jurisdiction over it." (citing 5 U.S.C. § 7703(b)(1)(a) and *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 776 (1985))).

Accordingly, this Court lacks jurisdiction over any claims Plaintiff purports to bring related to federal retirement benefits.

## II. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted.

Defendant argues that even if this Court had jurisdiction over Plaintiff's Complaint, that the Complaint should still be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because the Complaint "provides no factual allegations at all, let alone allegations that, if taken as true, would state a plausible claim for relief." Mot. at 6. The Court agrees with Defendant. When "considering the dismissal of a *pro se* complaint, the pleading is held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, *pro se* plaintiffs are still required to allege facts sufficient to state a claim for relief. *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021) ("Courts may scour *pro se* pleadings in search for a legal argument, but they cannot excuse a litigant's failure to bring a claim entitled to legal remedy."); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (There "is no duty on the part of the trial court . . . to create a claim which [the plaintiff] has not spelled out in his pleading . . ." (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (alteration in original))).

Here, Plaintiff has not made any cogent claim for relief, but instead merely lists federal programs and describes alleged injuries, without explaining any connection between the two that could constitute a claim for relief. *See* Compl.; Exhibit. For example, on the line provided to state a claim for relief in the form complaint that Plaintiff uses he writes: "Fed workers comp then fed ret disability[,] fed workers comp Ronald Gatewood United Lead Organizer DOL up to date 5-2025 for settlement, 2013 to 2019[,] then fed ret. disability. Pro-se tabs under penaly [sic] perjury [sic]." Compl. at 2. This is the entirety of the statement Plaintiff provides on the line asking for a statement of his claim. *Id.* Similarly, on the line provided for a plaintiff to state the relief sought, his request for relief is the following statement: "For – settlement, fed worker comp[,] Ronald Gatewood – lead organizer 2013 to 2019 DOL – up date [sic]." Compl. at 3. Likewise, Plaintiff's Exhibit contains lists of alleged injuries but does not allege a cause of these injuries. *See, e.g.* Exhibit at 3 ("Chemical hazard for illness and injury chemical from – police, fireman fed agent. DOD med ret. civil/military war vet, pilot comm[.] airlanes [sic]."). Moreover, where Plaintiff mentions actions of the MSPB in his Exhibit these statements are descriptive and do not request any action from this Court. *See* Exhibit at 2 ("The MSPB Court closed out claim after order for settlement."); *see also* Exhibit at 6. Indeed, the one action that Plaintiff requests in his Exhibit is for this Court to "contact Medicare-MSA for settlement and produre [sic]." Exhibit at 7.

A plaintiff "must plead factual allegations that support a facially 'plausible' claim to relief to avoid dismissal for failure to state a claim.'" *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). Where a plaintiff's allegations are "incomprehensible" they must be dismissed for failure to state a claim. *Shapiro v. United States*, 143 Fed. Cl. 376, 378, 380 (2019) (dismissing a complaint where plaintiff's statement of his claims was "one run-on phrase with no indication of what any official of the United States government

did, or failed to do, that caused plaintiff any harm."). Likewise, here, the Court declines to "create a claim which [Plaintiff] has not spelled out" in his Complaint. *Minehan*, 75 Fed. Cl. at 253 (quoting *Scogin*, 33 Fed. Cl. at 293).

Therefore, the Court dismisses Plaintiff's Complaint pursuant to Rule 12(b)(6), because Plaintiff has not alleged any facts which entitle him to a legal remedy. *See* Rule 12(b)(6)).

## **CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7). *See* Rules 12(b)(1), 12(b)(6), 12(h)(3). Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

Eleni M. Roumel
ELENI M. ROUMEL
Judge